**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CATHERINE A. CARLINO,**          :

    **Plaintiff**          :          Civil No. 15-CV-0372

    **v.**          :          (JUDGE MANNION)

**GEORGENE BORUSIEWICZ,** *et al.,* :

    **Defendants**          :

## MEMORANDUM

Before the court are two motions to dismiss plaintiff's second amended complaint ("SAC"), (Doc. 56), in this action stemming from a slip and fall when plaintiff Catherine Carlino was a tenant in a Lake Harmony residence owned by defendant Georgene Borusiewicz. The first motion was filed jointly by defendants K.A. Diehl, Inc., Appletree Management Group, Inc., Laurelwoods Home Owners Association ("HOA") and Laurelwoods at Big Boulder Lake HOA, (hereinafter "Diehl, Appletree, Laurelwoods and Big Boulder"). (Doc. 58). They seek to dismiss with prejudice Count II of plaintiff's SAC for breach of contract/intended third party beneficiary based on their lack of privity in the lease agreement as well as plaintiff's request for punitive damages. The second motion was filed by defendant Borusiewicz, (Doc. 61), also seeking dismissal with prejudice of plaintiff's breach of contract claim for failure to allege that she was an intended third party beneficiary of the lease agreement and request for punitive damages. Additionally, both motions seeks to dismiss plaintiff's breach of the implied warranty of habitability claim against all defendants in Count II of the SAC. Both motions are filed pursuant to

Fed.R.Civ.P. 12(b)(6). In viewing the factual allegations of the SAC in the light most favorable to the plaintiff, the court will **GRANT IN PART** and **DENY IN PART** the motions.

**I. BACKGROUND**[1]

On May 11, 2012, plaintiff entered into a lease agreement with defendant Borusiewicz to be a tenant of a condominium owned by Borusiewicz located at 378 Laurelwoods, Lake Harmony, Pennsylvania. Upon signing the lease, it was represented to plaintiff that the property was part of the Laurelwoods HOA, Big Boulder HOA, and Laurelwoods II HOA, and that the HOA's were responsible for the maintenance of the property, including such things as snow and ice removal as well as roof and gutter maintenance. The HOA defendants contracted with defendants Diehl and Appletree to perform the general maintenance, including snow and ice removal along with the roof and gutter maintenance, for all of the properties in the Home Owners Association to which Borusiewicz's property belonged.

Plaintiff further alleges that Borusiewicz's property which she leased as well as the other condominiums in the development were constructed so that water from rain, snow, and ice would flow into the roof gutters, collect and run off into the drain pipes and away from the decks of the condominiums so as

---

[1]The facts alleged in plaintiff's SAC must be accepted as true in considering defendants' motions to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 F.App'x 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

not to create a hazard to occupants. All of the defendants knew that in order to prevent water from dripping onto the condominium decks that the roof gutters had to be kept free of leaves and other debris to prevent a blockage from occurring which would result in water, snow, and ice backup and cause water to drip onto the condominium deck creating a risk to the occupants. Sometime prior to January 23, 2014, the roof and gutters of the property rented by plaintiff were in a dangerous and defective condition due to a buildup of snow and/or ice as well as blocked and/or malfunctioning gutters caused by an accumulation of leaves and debris. All defendants had actual or constructive notice of these conditions. The snow and ice buildup on the roof-edge and gutters permitted melting ice and snow to drip onto the condominium decks below and freeze. As a result, the deck on the property plaintiff rented became a dangerous and defective condition as the water dripped onto the deck forming black ice, instead of being carried away into the drainage system.

On January 23, 2014, plaintiff was attempting to enter the condominium she rented via the front steps and deck when she slipped on ice on the deck caused by dripping water from the roof gutter, and she fell to the ground. As a result, she allegedly suffered several serious injuries, including injuries to her right shoulder, right upper extremity, left hip, left lower extremity, nerves and nervous system. She alleges that some of her injuries may be permanent in nature.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action by filing a complaint on February 20, 2015. (Doc. 1). Jurisdiction in this court was based upon diversity of citizenship. 28 U.S.C. §1332. Plaintiff's complaint alleged counts of negligence and breach of contract under the implied warranty of merchantability, and she requested compensatory and punitive damages. Defendants moved to dismiss plaintiff's claims for the implied warranty of merchantability and punitive damages. In response, plaintiff filed an amended complaint on April 22, 2015, asserting actions for negligence and breach of contract under the implied warranty of habitability. (Doc. 23). She removed her request for punitive damages based on her concurrence with defendants' motion to dismiss that claim. All defendants then filed motions to dismiss plaintiff's breach of contract/implied warranty of habitability claim in her amended pleading. (Doc. 28, Doc. 30).

On June 26, 2016, plaintiff filed her SAC, (Doc. 56), changing Count II and paragraph 37 of the complaint so that her claims against all defendants are now for negligence, Count I, and breach of contract/ intended third party beneficiary, Count II. Count II also contains allegations sounding as a claim for breach of contract under the implied warranty of habitability. Plaintiff attached to her SAC a copy of the lease agreement between herself and defendant Borusiewicz. (Doc. 56-1). Plaintiff states that she attempted to remove the punitive damages request from her SAC and, that while the "reckless" language was removed, her request for punitive damages

inadvertently remained in her prayer for relief clause at the end of Count I. As such, plaintiff agrees to the dismissal of her request for punitive damages from her SAC. (Doc. 65, at 3-4). Thus, this issue is now moot and the court will **DISMISS WITH PREJUDICE** plaintiff's request for punitive damages from Count I of her SAC.

On July 1, 2016, defendants Diehl, Appletree, Laurelwoods and Big Boulder moved to dismiss Count II of plaintiff's SAC in its entirety. (Doc. 58). On July 6, 2016, a motion to dismiss the entire Count II of the SAC was filed by defendant Borusiewicz. (Doc. 61). Both motions to dismiss have been briefed.[2] (Doc. 59, Doc. 62, Doc. 65).

## III.  STANDARD OF REVIEW

The defendants' motions to dismiss are brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no

---

[2]Plaintiff filed one brief in opposition, (Doc. 65), which was docketed as addressing only the motion to dismiss of defendants Diehl, Appletree, Laurelwoods and Big Boulder, (Doc. 58). In fact, plaintiff's brief in opposition states that it pertains to "Defendant's motion to dismiss Count II" of her SAC which implies it is addressing one motion filed by only one defendant. Even though it is not clear if plaintiff intended to oppose both motions, the court liberally construes plaintiff's brief as also opposing the motion of defendant Borusiewicz, (Doc. 61). The court notes that defendant Borusiewicz failed to include a certificate of concurrence/non-concurrence with her motion in violation of the Local Rules of this court. In any event, if plaintiff did not intend to oppose the motion of defendant Borusiewicz, she is directed to file a letter with the court indicating this within seven days of this memorandum.

claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged

6

in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## IV. DISCUSSION

In both motions, defendants seek to dismiss Count II of the SAC in its entirety. Defendants do not seek to dismiss the negligence claim against them in Count I. In Count II, plaintiff essentially alleges that defendants' maintenance contract with each other made her a third party beneficiary to this contract, and that the breach of this contract was the cause of her injuries and damages. Specifically, plaintiff alleges that since defendants contracted with each other regarding the maintenance of the properties in the HOA, she and all other tenants in the home owners association became third party

7

beneficiaries of the contract. Plaintiff explains that the intended purpose of the maintenance contract between the defendants was to keep the premises safe and habitable for residential use by the plaintiff and all tenants in the home owners association. Plaintiff avers that this contract was breached since defendants failed to properly maintain the premises in the association which she occupied.

Additionally, plaintiff alleges that at the time of the lease, all of the defendants, by express and/or implied warranty, assured her that the rented premises was habitable, fit for ordinary purposes for which said premises was used, and fit for a particular purpose, *i.e.*, to be leased. She also alleges that all defendants had reason to know of the particular purpose of their contract between each other as well as the particular purpose for which the premises was leased, and of her reliance on their skill and judgment to furnish a safe and habitable premises. However, plaintiff alleges that the premises she rented was in an unsafe, defective, and/or dangerous condition, and was uninhabitable, since it created an inherent risk of serious bodily injury to her. (Doc. 56, at 8-9).

Defendants Diehl, Appletree, Laurelwoods and Big Boulder contend that Count II of plaintiff's SAC is not a claim upon which relief can be granted since the lease agreement clearly provided that the only two parties to that rental contract were plaintiff and defendant Borusiewicz. They point out that the lease agreement is devoid of any privity of contract with them and that plaintiff was not in privity of contract to sue for a breach of the alleged maintenance

8

contract. Defendant Borusiewicz states that the only contract she had with plaintiff is the residential lease for the rental of the condominium which did not contain any provisions related to the maintenance of the property. Moreover, all defendants state that there are not sufficient alleged facts to show that plaintiff was an intended third party beneficiary of the maintenance contract.

The elements of breach of contract under Pennsylvania law are: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resultant damages.[3] Core States Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). "Traditionally, [under Pennsylvania law] a person or entity did not become liable for a breach of contract when that person or entity was not a stated party to the contract." Zeno v. Ford Motor Co., Inc. 480 F.Supp.2d 825, 841-42 (W.D.Pa. 2007) (citations omitted). "When there has been no direct transaction between the plaintiff and the defendant, it is usually expressed by saying that they are not in 'privity' of contract. Privity of contract exists when there is a connection or relationship which exists between two or more contracting parties." Id. Thus, "[f]or parties to be considered to be in privity, a contractual relationship must exist between them." Id. (quoting Phillips v. Cricket Lighters, 576 Pa. 644, 841 A.2d 1000, 1006 (2003)); *see also* Deynzer v. Columbia Gas of Pennsylvania, Inc., 875 A.2d 298, 301 (Pa.Super.Ct. 2005) ("[P]rivity of contract is personal

---

[3]Jurisdiction of this court is based on diversity pursuant to 28 U.S.C. §1332(a). As such, the substantive law of Pennsylvania law is utilized. *See* Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938); *see also* Guaranty Trust Co. v. York, 326 U.S. 99, 108, 65 S.Ct. 1464 (1945).

privity, and is confined to the persons of the contracting parties.").

There is no doubt that the lease agreement to rent the condominium at issue does not list defendants Diehl, Appletree, Laurelwoods and Big Boulder, and it does not have any signature on behalf of these defendants. Thus, these defendants state that plaintiff cannot sustain her breach of contract claim against them due to the lack of privity. *See* Dunkin Donuts Franchised Restaurants, LLC v. Claudia I, LLC, 2013 WL 3716525, *3 (E.D.Pa. July 15, 2013) ("In general, a person must be in privity of contract to sue for damages for breach of such contract."). However, plaintiff states that even though these defendants were not parties to the lease agreement she executed with Borusiewicz, the maintenance contract these defendants allegedly entered into amongst themself made her an intended third party beneficiary to that contract permitting her to sue for a breach. Thus, plaintiff alleges that defendants breached the maintenance contract and she can proceed with her Count II.

"[U]nder certain conditions a person may sue as a third party beneficiary to a contract. *Id.* (citing Visor Builders, Inc. v. Devon E. Tranter, Inc., 470 F. Supp. 911, 923 (M.D.Pa. 1978) (noting that a third-party beneficiary is "one who, although not a party to the contract, and hence, not in privity with the promisor ... is permitted to enforce the contract between the promisor and the promisee for its (the third-party beneficiary's) benefit")).

"The Pennsylvania Supreme Court has adopted the Restatement (Second) of Contracts §302 which allows for third-party intended beneficiaries

10

to sue for breach of contract 'even though the actual parties to the contract did not express an intent to benefit the third party.'" Shumate v. Twin Tier Hospitality, LLC, 655 F.Supp.2d 521, 535 (M.D.Pa. 2009) (quoting Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 168 (3d Cir. 2008). Pursuant to §302 of the Restatement (Second) of Contract:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

*Id.* (quoting Restatement (Second) of Contracts §302 (1981)).

The court in *Shumate* stated that the following two part test must be satisfied:

> (1) the recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."

*Id.* (citations omitted).

"The first element of the test establishes 'a standing requirement which leaves discretion with the court to determine whether recognition of third party beneficiary status would be appropriate,' and the second element 'defines the two types of claimants who may be intended as third party beneficiaries.'" *Id.* (citations omitted). "The first question establishes whether an individual is a

11

third-party beneficiary and is a question of law for the court's determination." *Id.* (citation omitted). The second question draws a distinction "between intended third-party beneficiaries, who have rights under section 302, and incidental third-party beneficiaries, who do not have rights under section 302." *Id.* (citation omitted). All defendants state that §302 requires that the contracting parties express an intent to benefit the third party in the contract itself and since plaintiff has failed to attach the alleged maintenance contract between them, there can be no analysis of the intent to benefit the third party in the contract. In both motions, defendants argue that plaintiff has failed to meet the pleading requirements since she has not sufficiently alleged the existence and essential terms of any maintenance contract and since she has not identified a particular term to the contract that was allegedly breached. They also state that plaintiff has not even alleged enough facts to support her claim that a maintenance contract existed between them and that she was an intended third party beneficiary who had rights under any such contract.

The court finds that plaintiff's SAC alleges sufficient facts to support a plausible inference that she was a third party beneficiary of the alleged maintenance contract. Defendants however are correct in their assertion that absent more evidence pertaining to the contract as well as its terms, a genuine issue of material fact remains regarding whether plaintiff was an intended third party beneficiary, as opposed to incidental, with sufficient rights under the contract to sustain a breach of contract claim. *See* Dunkin Donuts, 2013 WL 3716525, *4, ("To determine whether a third party is an intended

beneficiary, courts 'examine the terms of the agreement and the surrounding circumstances.'") (citations omitted). Thus, under Pennsylvania law, "[i]n order a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." Burks v. Federal Ins. Co., 883 A.2d 1086, 1087–88 (Pa.Super.Ct. 2005) (citation omitted).

At this stage of the case, the court finds that plaintiff has plead enough facts to overcome defendants' motions to dismiss. While plaintiff fails to cite any specific language in the maintenance contract that might evidence defendants' intent to benefit her, she alleges sufficient facts to support compelling circumstances and the parties' intent. *See* Dunkin Donuts, 2013 WL 3716525, *4, (a narrow exception to the rule for a "restricted cause of action" under §302 exists if "the circumstances are so compelling that 'recognition of the beneficiary's right is appropriate to effectuate the intention of the parties.'") (citations omitted). Plaintiff states that she has alleged enough facts to invoke the narrow exception under §302 since "at the time of the signing of the lease, [she] asked Defendant Borusiewicz who was to perform the maintenance and repairs if she was not responsible [and] Defendant informed [her] that the house was part of the [HOA] to which [Defendant] Borusiewicz paid dues and the [HOA] did all the exterior maintenance, 'just like you have experienced at your townhouse in Ventnor, New Jersey.'" Plaintiff then states she was advised that the HOA maintenance

13

staff would take care of everything. Plaintiff represents that during the limited discovery which has begun in this case, defendant Borusiewicz produced a document entitled "General Liability Notice of Occurrence/Claim." Plaintiff states that this document contains information of an interview with defendant Borusiewicz in which she stated that the HOA's, "as part of the agreement between the Association and the Association members, were responsible for snow/ice removal, salting premises ... up to cleaning up to the front door and deck area salted, and that they are also responsible for cleaning the gutters/ice removal." Plaintiff states that this document substantiates her position that she is a beneficiary of the contract between the HOA and the homeowners who own property and pay dues to the Association for the maintenance provided by Diehl. As further support for her position that she is an intended beneficiary of the maintenance contract, plaintiff alleges that after her fall and notification of the problem by defendant Borusiewicz, a maintenance person acting on behalf of defendants cleaned the gutters of the condo she was renting. (Doc. 65, at 7-8). Although plaintiff states that she attached portions of the "General Liability Notice of Occurrence/Claim" document to her brief in opposition as Exhibit "A", no such document was attached to her brief. In any event, all parties will be able to submit their evidence via summary judgment motions after discovery.

The court agrees with plaintiff that further discovery is necessary before a thorough examination can be conducted of the terms of the maintenance contract and surrounding circumstances to determine whether the facts show

14

defendants intended to confer benefits on plaintiff under the contract. Thus, the motion of defendants Diehl, Appletree, Laurelwoods and Big Boulder, (Doc. 58), and the motion of defendant Borusiewicz, (Doc. 61), to dismiss plaintiff's breach of contract claim as an intended third party beneficiary are **DENIED**.

Insofar as Count II of plaintiff's SAC also alleges a breach of implied warranty of habitability, there is no dispute that Pennsylvania courts apply the implied warranty of habitability in landlord/tenant disputes. Defendants cite to Pugh v. Holmes, 486 Pa. 272, 405 A.2d 897, 907-08 (Pa. 1979) ("The covenants and warranties in the lease are mutually dependent; the tenant's obligation to pay rent and the landlord's obligation imposed by the implied warranty of habitability to provide and maintain habitable premises...."). Thus, "[a] landlord's obligation to provide and maintain habitable premises is implicit in residential leases, and because leases are contracts, traditional contract remedies are the only remedies available to enforce the implied warranty of habitability." McIntyre ex rel. Howard v. Phila. Housing Auth., 816 A.2d 1204, 1209 (Pa.Commw.Ct. 2003) (citing Pugh, supra). However, defendants Diehl, Appletree, Laurelwoods and Big Boulder state that since they were not parties to the lease agreement and they had no privity in this agreement and, since they are not landlords with respect to Borusiewicz's condominium, this claim must be dismissed as against them. They also point out the PA Supreme Court held that the implied warranty of habitability requires privity of contract and that it does not apply to subsequent buyers. Defendants rely on Conway

15

v. Cutler Group, Inc., 626 Pa. 660 (Pa. 2014).

The PA Supreme Court in on Conway, 626 Pa. at 662, held that "a builder's implied warranty of habitability, which protects those who purchase a newly constructed home from latent defects, may [not] also be invoked by subsequent purchasers of the home" and that "a subsequent purchaser of a previously inhabited residence may not recover contract damages for breach of the builder's implied warranty of habitability." The Court stated, "in [Elderkin v. Gaster, 447 Pa. 118, 288 A.2d 771 (Pa. 1972)], we adopted the doctrine of implied warranty of habitability for a newly constructed residence under circumstances where the parties to the sale of the residence, to wit, the builder-vendor and the purchaser-resident, were in privity of contract." Id. at 666. In *Conway*, the PA Supreme Court rejected the Superior Court's extension of the implied warranty "to circumstances where the parties were not in privity of contract and the residence was not newly constructed, but rather had been occupied for several years." Id. Thus, as defendants Diehl, Appletree, Laurelwoods and Big Boulder indicate, the PA Supreme Court declined to eliminate the requirement for contractual privity between the parties in a claim for breach of the implied warranty of habitability. Id. at 671. As such, their motion to dismiss this claim as against them will be granted since they are not landlords with respect to the rented condominium and they had no privity with the lease agreement.

Defendant Borusiewicz states that plaintiff merely asserts a legal conclusion that a failure to maintain the gutters per se constitutes a breach of

the implied warranty of habitability. She also states that plaintiff fails to allege the essential elements for such a claim, including that plaintiff gave notice to her of the condition, that she had a reasonable opportunity to correct the condition, and that she failed to do so. (Doc. 62, at 6) (citing Pugh v. Holmes, 384 A.2d 1234 (Pa.Super. 1978)). She further states that the only contract she had with plaintiff was the residential lease for the rental of the condominium which did not contain any terms related to the maintenance of the property. Defendant Borusiewicz's motion has merit since PA courts "hold that breach of the implied warranty of habitability is a contract claim for which only contract remedies are available" and that tort damages for bodily injury, which plaintiff seeks in the present case, are not available under this theory of recovery. McIntyre, 816 A.2d at 1212; Fair v. Negley, 257 Pa.Super. 50, 390 A.2d 240, 242 (Pa.Super.Ct. 1978) ("[S]tandard contract remedies are available should [tenants] prove that [landlords] breached the implied warranty of habitability."). As such, breach of the implied warranty of habitability is not a tort claim for which personal injury damages are recoverable, and this action is clearly for bodily injury.

    Plaintiff did not address the motion of defendants Diehl, Appletree, Laurelwoods and Big Boulder and the motion of defendant Borusiewicz to the extent they seek dismissal her breach of implied warranty of habitability claim in Count II of her SAC. The time in which plaintiff had to oppose these arguments in defendants' motions has expired and thus, plaintiff is deemed as not opposing the dismissal of said claim. Regardless, based on the above

17

discussion, the court agrees with all of the defendants that plaintiff's SAC fails to state a breach of the implied warranty of habitability claim against any of them. *See* Conway, 626 Pa. at 671; Barker v. Dahlkemper Landscape Architects & Contractors, Inc., 2014 WL 10788863 (Pa.Super. Oct. 20, 2014);McIntyre, 816 A.2d at 1212. Thus, the motion of defendants Diehl, Appletree, Laurelwoods and Big Boulder, (Doc. 58), and the motion of defendant Borusiewicz, (Doc. 61), to dismiss plaintiff's breach of the implied warranty of habitability claim against all of them in Count II of the SAC are **GRANTED** and this claim, including any allegations regarding this claim, is **DISMISSED WITH PREJUDICE**.

## V. CONCLUSION

The court will **DISMISS WITH PREJUDICE** plaintiff's request for punitive damages from Count I of her SAC. The motion of defendants Diehl, Appletree, Laurelwoods and Big Boulder, (Doc. 58), and the motion of defendant Borusiewicz, (Doc. 61), to dismiss plaintiff's breach of contract claim in Count II of the SAC as an intended third party beneficiary will be **DENIED**. The motion of defendants Diehl, Appletree, Laurelwoods and Big Boulder, (Doc. 58), and the motion of defendant Borusiewicz, (Doc. 61), to dismiss plaintiff's breach of the implied warranty of habitability claim against all of them in Count II of the SAC, including any allegations regarding this claim, will be **GRANTED** and this claim will be **DISMISSED WITH PREJUDICE**. An appropriate order will issue.


**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 16, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0372-01.wpd